**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 520
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 520
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

Attorneys for Plaintiff and the Putative Classes

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZACARIAS ALEJANDRE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Novolex Bagcraft, Inc., a Delaware Limited Liability Company; and DOES 1-50, inclusive.<br><br>Defendants. | CASE NO.: 2:26-cv-00068-PVC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT:**<br><br>(1) FAILURE TO PAY ALL MINIMUM WAGES;<br>(2) FAILURE TO PAY ALL OVERTIME WAGES;<br>(3) MEAL PERIOD VIOLATIONS;<br>(4) REST PERIOD VIOLATIONS;<br>(5) FAILURE TO PAY ALL SICK TIME;<br>(6) WAGE STATEMENT VIOLATIONS;<br>(7) WAITING TIME PENALTIES; &<br>(8) UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zacarias Alejandre Rodriguez ("Plaintiff"), on behalf of himself and all other similarly situated non-exempt employees, alleges and complains of Defendant Novolex Bagcraft, Inc. ("Defendant") and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

**INTRODUCTION**

1. Defendant is a leading manufacturer of food, beverage, and specialty packaging that serves multiple industries, including foodservice, restaurant delivery and carryout, food processing, grocery and retail, and industrial.

2. Plaintiff brings this class action lawsuit against Defendant for alleged violations of the California Labor Code and Business and Professions Code.

3. As set forth below, Plaintiff alleges that Defendant failed to pay for all hours worked due to its failure to record and pay for all time worked off the clock. Plaintiff further alleges that Defendant failed to pay all overtime and sick pay compensation at the proper legal rates by failing to properly calculate the "regular rate of pay." Moreover, Plaintiff alleges that Defendant's meal and rest period policies and practices failed to allow and permit non-exempt employees to take all compliant and timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu thereof. Plaintiff further alleges that Defendant failed to provide non-exempt employees with accurate written itemized wage statements in violation of Labor Code § 226(a) and failed to timely pay all final wages upon separation of employment in violation of Labor Code §§ 201-203.

4. Based on these alleged Labor Code violations, Plaintiff now brings this class action and representative action to recover unpaid wages, restitution, penalties, and other related relief for himself and all other similarly situated non-exempt employees.

**JURISDICTION AND VENUE**

5. Plaintiff, on behalf of himself and all other similarly situated employees hereby bring this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-203, 204, 210, 226(a), 226(a)(6), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et seq*.

6. This class action is brought pursuant to California Code of Civil Procedure § 382.

7. This Court has jurisdiction over Defendant's violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

8. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendant operates in California within the County of Los Angeles, and Defendant is within the jurisdiction of this Court for purposes of service of process.

**PARTIES**

9. At all relevant times herein, Plaintiff, who is over 18, was and currently is a California resident residing in the State of California.

10. Plaintiff is informed, believes, and alleges that Defendants are authorized to do business within the County of Los Angeles and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to him by California Labor Code §§ 201-203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, and the California Business and Professions Code § 17200 *et seq*., and applicable Wage Orders.

11. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Los Angeles.

12. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

13. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

14. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

15. Defendant is a leading manufacturer of food, beverage, and specialty packaging that serves multiple industries, including foodservice, restaurant delivery and carryout, food processing, grocery and retail, and industrial.

16. Plaintiff was employed by Defendant as a non-exempt employee in the role of "Packer" from May 26, 2022, to December 13, 2024. Based in City of Industry, California, Plaintiff was responsible for a variety of tasks, including, but not limited to, packing food bags and cleaning.

17. Alongside Plaintiff, other non-exempt employees, including but not limited to Multi Craft Maintenance Technician, Packer, Machine Operator, Maintenance Mechanic, Industrial Mechanic, and Warehouse Associate, played a critical role in supporting Defendant's daily operations and overall success across California.

18. Plaintiff and other non-exempt employees were responsible for a wide range of tasks critical to Defendant's operations, such as repairing, maintaining, producing, packing, and performing overall manufacturing duties. Their work ensured the effective operation of Defendant's assets. Despite the essential nature of their contributions, Plaintiff and other non-exempt employees

allege that Defendant failed to comply with California Labor Code, including but not limited to, proper wage payment, and provision of meal and rest periods, as set forth below.

19. At all relevant times, Plaintiff and other non-exempt employees regularly worked various shifts, many of which were more than 8.0 hours in a workday and 40.0 hours in a workweek. Plaintiff alleges that other non-exempt employees were also subjected to the same policies, procedures, practices, working conditions, and corresponding wage and hour violations to which he was subjected during his employment.

20. First, at all relevant times, Defendant has consistently failed to accurately record and pay for all time worked, including the time non-exempt employees were under the employer's control. This included a policy and practice of failing to properly record the time worked by non-exempt employees, including all time spent working off the clock. As a result of this company-wide policy/practice, Plaintiff and other non-exempt employees are not compensated for all the hours that they work and all of the overtime hours they work, in violation of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

21. As a result, over a period of time, Plaintiff and other non-exempt employees were not properly paid for all hours worked in violation of Cal. Labor Code §§ 204, 210, 1194, 1197.1, 1199, and applicable Wage Orders. Additionally, due to the unlawful timekeeping policy/practices, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for hours worked in excess of eight hours per shift in violation of Labor Code § 510.

22. Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law or by an order of the commission a civil penalty, restitution of wages, and liquidated damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

23. Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours

worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

24. Furthermore, at all relevant times, Plaintiff and other non-exempt employees worked regular shifts that lasted longer than 8.0 hours in a workday and resulted in non-exempt employees regularly working more than 40 hours in a workweek. However, Defendant uniformly failed to properly calculate and pay overtime wages at the proper legal rate due to Defendant's failure to include all forms of compensation/remuneration, including, but not limited to, stipends, shift pay, non-discretionary bonuses, commissions, incentives, and all other forms of remuneration in calculating the "regular rate of pay" for purposes of overtime compensation.

25. Under the California Labor Code (as well as the FLSA), courts have consistently held that regularly paid non-discretionary bonuses (and other forms of pay) must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v. The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F. Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgment to Plaintiff under California and federal law on the grounds that Defendant improperly calculated overtime by excluding annual bonuses paid to employees from the "regular rate of compensation"]; see *Walling v. Youngerman-Reynolds Hardwood Co*. (1945) 65 S.Ct. 1242, 1245. ("The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments. It is not an arbitrary label chosen by the parties but an actual fact. Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the contracts."); see also 29 CFR §§ 778.110

("production bonus") and 778.111 ("piece-rate").

26. Labor Code § 510 requires an employer to compensate an employee who works more than eight (8.0) hours in one workday, forty (40.0) hours in a workweek, and for the first eight (8.0) hours worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12.0) hours in a workday or more than eight (8.0) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8.0) hours in any workday or more than 40.0 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

27. By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the lawful rate of one-half (1 1/2) their "regular rate of pay," Defendant willfully violated the provisions of Labor Code § 510 and the applicable Wage Orders.

28. Similarly, at all relevant times, Defendant also failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."

29. Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid

sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

30. Here, at all relevant times, Defendant failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate, including all forms of compensation, pursuant to Labor Code §§ 246(a), (b). As such, Defendant paid sick time below the "regular rate of pay" as required by Labor Code §§ 246(l) (1-2).

31. Moreover, at all relevant times, Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to Defendant's uniform meal period policies/practices, operational requirements, and work demands, Plaintiff and other non-exempt employees often could not take timely and uninterrupted net 30-minute first meal periods before the end of the fifth hour of work. Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours in a shift, they were not allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders. Indeed, Plaintiff's and other non-exempt employees' meal periods were often interrupted and/or lasted fewer than 30 minutes due to Defendant's meal period policies/procedures, operational requirements, and work demands.

32. In addition, for each missed or non-compliant meal period, Defendant failed and continues to fail to maintain a mechanism by which non-exempt employees were paid meal period premiums at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code § 226.7.

33. Accordingly, due to Defendant's uniform meal period practices, non-exempt employees were also regularly denied legally compliant meal periods in violation of Labor Code §§ 226.7, 510, 516, and applicable Wage Orders.

34. Next, at all relevant times, Plaintiff and other non-exempt employees were not provided with all 10-minute rest periods for every four hours worked, or a major fraction thereof, due to Defendant's uniform rest period policies/practices, operational requirements and work demands. As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-

minute duty-free rest period for every major fraction of four hours worked. This includes a second rest period for shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours in a workday.

35. By not relieving all non-exempt employees of all duties during rest periods, Defendant failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc*. (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."] (Emphasis added). In *Augustus*, the California Supreme Court expressly rejected the employer's assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained: "that employers [must] relinquish any control over how employees spend their break time and relieve their employees of all duties." *Id.* at 273. Each time non-exempt employees could not take a compliant rest period; Defendant failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

36. Accordingly, due to Defendant's uniform rest period policies/practices, non-exempt employees were regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7, 512, and applicable Wage Orders.

37. As a result of Defendant's failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendant, including all minimum, overtime and sick pay wages, and Defendant's failure to pay all meal and rest period premiums at the "regular rate of pay," Defendant issued wage statements which failed to identify the gross wages earned accurately, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

38. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

39. Thus, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). Consequently, because Defendant failed to comply with Labor Code § 226(a), Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code § 226(e).

40. Finally, because Defendant failed to pay all minimum, overtime, and sick pay wages, and meal and rest period premiums at the "regular rate of pay," Defendant also failed and continues to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Thus, non-exempt employees would be entitled to recover waiting time penalties under Labor Code §§ 201-203.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

> All current or former non-exempt hourly employees who work or worked for Defendant in California during the four years immediately preceding the filing of the Complaint through the date of trial. (the "Class");
>
> All current or former non-exempt employees who worked for Defendant in California and worked overtime hours during at least one shift during the four years immediately preceding the filing of the Complaint through the date of trial. ("the Overtime Subclass");
>
> All current or former employees who work or worked for Defendant in California during the one year immediately preceding the filing of the Complaint through the date of trial. ("the Wage Statement Subclass")
>
> All employees who work or worked for Defendant in California and who left their employment during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass")
>
> (collectively "the Classes")

42. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of

Defendant's employment and payroll records.

43. **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1. Whether Defendant failed to record and pay for all hours worked by Class Members;
2. Whether Defendant failed to properly calculate the "regular rate of pay" for purposes of paying overtime and sick pay wages to the members of the Class;
3. Whether Defendant provided legally compliant meal and rest periods or proper compensation at the "regular rate of pay" in lieu thereof to members of the Class;
4. Whether Defendant furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a); and
5. Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful.

44. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as without limitation, Defendant's failure to pay for all hours worked, Defendant's failure to properly pay overtime and sick pay wages, Defendant's failure to provide all compliant meal and rest periods or premiums at the "regular rate of pay" in lieu thereof, Defendant's failure to provide accurate itemized wage statements, and Defendant's failure to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each class member's showing as to his or her eligibility for recovery or the amount of his or her damages.

45. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendant as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of minimum, overtime and sick pay wages,

was deprived of meal and rest period premium wages, was subject to Defendant's uniform meal and rest period policies/practices, was not provided accurate itemized wage statements and was not timely paid all wages owed upon separation of employment.

46. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

47. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since they could exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

48. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein and which would establish potentially incompatible standards of conduct for Defendant; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would

substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 41 are maintainable as Classes under § 382 of the Code of Civil Procedure.

**FIRST CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

49. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

50. Section 4 of the applicable Wage Order(s) and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

51. At all relevant times herein, Defendant failed to record all time accurately worked, including failing to record time worked properly and all time spent working off-the-clock, which resulted in these individuals not being paid for all hours they actually suffered or permitted to work. Accordingly, Plaintiff and members of the Classes were not compensated for all hours worked, including all hours they were subject to the control of Defendant and/or suffered or permitted to work under the Labor Code and applicable Wage Orders.

52. Labor Code § 1198 makes an employee's employment unlawful under conditions the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

53. As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages

and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendant's violations of the Labor Code and applicable Wage Orders.

54. Defendant's practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 558, 1194 *et seq*., 1197, 1198, and Code of Civil Procedure § 1021.5.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

**(AGAINST ALL DEFENDANTS)**

55. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

56. This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

57. At all times relevant herein, Defendant was required to properly pay Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

58. Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendant caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Overtime Subclass at one and one-half times their "regular rate of pay" for such hours.

/ / /

59. At all relevant times herein, Defendant failed to conform its pay practices to the requirements of the law. This unlawful conduct includes, but is not limited to, Defendant's failure to pay for all hours properly worked off the clock as alleged herein above, and Defendant's failure to include all forms of compensation, including, but not limited to, stipends, shift pay, non-discretionary bonuses, commissions, and incentive pay, in calculating the "regular rate of pay," which resulted in these individuals not being paid for all overtime hours worked.

60. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

61. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

62. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed in its affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

63. Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

64. As a result, Defendant is responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

65. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

66. Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

67. Due to its unlawful rest period policy/practices and operational requirements/work demands, Defendant did not authorize and permit Plaintiff and Class members to take all rest periods to which they were legally entitled.

68. Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

69. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL SICK TIME**

**(AGAINST ALL DEFENDANTS)**

70. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

71. This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment."

72. At all times relevant herein, Defendant was required to properly pay Plaintiff and Class members for all sick time pursuant to California Labor Code § 246 and the applicable Wage Orders.

73. Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek." Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

74. Defendant failed in its obligation to provide Plaintiff and the Class the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a), (b). Plaintiff and the Class members were not paid at the correct "regular rate of pay."

75. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Class in a civil action for the unpaid amount of wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 246 1192, 1194 *et seq*., 1197, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## (AGAINST ALL DEFENDANTS)

76. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

77. Labor Code 226(a) states in pertinent part the following:

> "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and

> shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

78. As set forth above, during the Class Period, Defendant issued and continues to issue wage statements to its employees, including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section § 226(a).

79. As a result of Defendant's failure to pay Plaintiff and the Wage Statement Subclass for all minimum, overtime and sick pay wages, and missed meal and rest period premiums at the appropriate legal rate, Defendant failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a), (1,2,5, and 9).

80. Defendant's failure to comply with section 226(a) of the Labor Code was knowing and intentional.

81. As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendant's pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

## WAITING TIME PENALTIES

## (AGAINST ALL DEFENDANTS)

82. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

83. The actionable period for this cause of action is three years before the filing of this Complaint through the present and ongoing until the violation is corrected, or the class is certified.

/ / /

84. Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or around the time their employment is terminated or ended.

85. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, the employer is liable for penalties for continued compensation up to thirty (30) workdays.

86. Defendant willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum, overtime, sick pay wages, and their meal and rest period premiums at the "regular rate of pay" before or upon termination or separation from employment with Defendant as required by Labor Code §§ 201 and 202.

87. As a result, Defendant is liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## EIGHT CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

88. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

89. Defendant has engaged and continues to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq*., by failing to pay for all hours worked, by failing to pay all minimum, overtime and sick pay wages at the proper legal rate, by failing to provide all legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu thereof, by failing to provide accurate wage statements, and by failing to pay all earned wages at the time of separation from employment.

90. Defendant's utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendant's competitors who have been and/or are currently employing workers and attempting to

do so in honest compliance with applicable wage and hour laws.

91. Because Plaintiff is a victim of Defendant's unfair and/or unlawful conduct alleged herein, Plaintiff, for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendant pursuant to Business and Professions Code §§ 17203 and 17208.

92. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

93. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendant's current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendant, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;
4. Upon the First and Second Cause of Action for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, 1197.1, and 1198 and reasonable attorneys' fees and costs;
5. Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, and 1198 and reasonable attorneys' fees and costs;
6. Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;
7. Upon the Fourth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8. Upon the Fifth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1198, and 1199;

9. Upon the Sixth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

10. Upon the Seventh Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

11. Upon the Eighth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

12. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5; and

14. For such other relief that the Court may deem just and proper.

Dated: February 5, 2026

**FALAKASSA LAW, P.C.**
**BOKHOUR LAW GROUP, P.C.**

By: */s/ Mehrdad Bokhour*
Joshua Falakassa, Esq.
Mehrdad Bokhour, Esq.
Attorneys for Plaintiff and the Putative Classes